UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LOOKOUT MOUNTAIN SUITES, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:18-CV-311 |
| | ) | |
| v. | ) | Judge Collier |
| | ) | |
| NEAL PINKSTON, KENDON | ) | Magistrate Judge Lee |
| MASSENGALE, ARYIEL NOVAK, | ) | |
| JAMAAL NOBLE, and CITY OF | ) | |
| CHATTANOOGA, TENNESSEE, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM & ORDER

Before the Court are two motions for summary judgment, one by Defendant City of Chattanooga, Tennessee (the "City") and the other by Defendants Kendon Massengale, Aryiel Novak, and Jamaal Noble (the "Officers") (collectively, "Moving Defendants"). (Docs. 140, 206.) In response, counsel for Plaintiff, Lookout Mountain Suites, LLC, has filed an affidavit of its counsel pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, asking the Court defer deciding the motions. (Doc. 226.) Moving Defendants have filed a reply in opposition to Plaintiff's Rule 56(d) affidavit. (Doc. 228.)

## I. BACKGROUND

This action arises from the nuisance-abatement proceedings initiated and executed in February 2018 by Moving Defendants and Defendant General Neal Pinkston against Plaintiff's real property in Chattanooga, Tennessee.

On December 20, 2018, Plaintiff filed its Complaint, asserting six claims pursuant to 28 U.S.C. § 1983, which, as relevant here, includes one claim against each of the Officers and two claims against the City. (Doc. 2; *id.* ¶¶ 155–96.) After some initial discovery (Doc. 228 at 2–3),

the Court stayed the case on August 6, 2019 (Doc. 58[1]), although the stay lasted only until September 5, 2019 (Doc. 60).  On October 24, 2019, the Court issued a new scheduling order, which established a discovery deadline of March 13, 2020, and a dispositive-motion deadline of April 8, 2020.  (Doc. 84.)  On March 25, 2020, however, the parties jointly moved to amend the scheduling order due to the COVID-19 pandemic and the case being reassigned to the undersigned. (Doc. 136.)  While this joint motion was pending, Moving Defendants filed motions for summary judgment on April 8, 2020, in accordance with the then-operative scheduling order.  (Docs. 140, 146.)  On April 29, 2020, Plaintiff's counsel responded to Moving Defendants' motions with a Rule 56(d) affidavit (the "2020 Affidavit"), asserting more discovery was needed before Plaintiff could adequately respond and identifying several depositions that needed to be taken, including of the Officers and of the City's Rule 30(b)(6) representative.  (Doc. 160 ¶ 5.)

On April 17, 2020, the Court granted the parties' joint motion to amend the scheduling order and imposed a new discovery deadline of June 10, 2020.  (Doc. 156.)  However, the case was stayed from May 1, 2020, until August 5, 2020, while the Court considered two motions to dismiss.  (Docs. 161, 167.)  On September 3, 2020, the Court held a scheduling conference with the parties (Doc. 185) and issued an amended scheduling order on September 10, 2020 (Doc. 187). The amended scheduling order set a discovery deadline of April 14, 2021, and a dispositive-motion deadline of January 11, 2021.  (*Id.*)

In mid-December, Plaintiff proceeded with several depositions, and Plaintiff's counsel told opposing counsel he would send a Rule 30(b)(6) deposition notice for the City the same week.

---

[1] The case was stayed, pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971), while a nuisance-abatement action was pending in state court.  (*Id.*)

(Doc. 228 at 11.)  Plaintiff deposed the Officers, but a "Notice for a 30(b)(6) Deposition [of the City] was never served and still has not been served."  (*Id.*.)

On January 11, 2021, in accordance with the amended scheduling order, the parties filed four motions for summary judgement: one by the Officers (Doc. 206), one by the City (Doc. 205[2]), one by Defendant Pinkston (Doc. 217), and one by Plaintiff against Defendant Pinkston (Doc. 210).  On February 1, 2021, Plaintiff's counsel filed a Rule 56(d) affidavit of its counsel in response to the Officers' and the City's motions for summary judgment (the "2021 Affidavit"), asking the Court to defer deciding the motions until more discovery is completed.  (Doc. 226.)  Counsel states Plaintiff needs more time to "obtain affidavits and take depositions of the parties and various third parties, that present essential facts to justify filing an opposition to the City's and Officers' motions for summary judgment."  (*Id.* ¶ 4.)  In particular, Plaintiff's counsel represents "[s]pecific discovery is needed regarding the City's Rule 30(b)(6) deposition regarding the City's policies and customs and the use of its police officers for nuisance abatement procedures, as well as various third party depositions."  (*Id.* ¶ 5.)

Moving Defendants filed a joint reply to the 2021 Affidavit.  (Doc. 228.)  They argue the 2021 Affidavit fails to comply with Rule 56(d), as it lacks "specified reasons [the affiant] cannot present facts essential to justify its opposition."  (*Id.* at 14 (quoting Fed. R. Civ. P. 56(d)).)  In addition, Moving Defendants assert Plaintiff fails to meet the standard necessary for the Court to grant an extension of discovery.  (*Id.* at 12–13.)

The issue of whether the Court should defer ruling on Moving Defendants' motions for summary judgment pursuant to Rule 56(d) is now ripe.

---

[2] Defendant City filed this motion as a supplement to its initial motion for summary judgment (Doc. 140), which remains pending.  (Doc. 205.)

## II.   **LEGAL STANDARD**

Rule 56(d) of the Federal Rules of Civil Procedure[3] governs when a nonmoving party asserts additional discovery is necessary before it can respond to a motion for summary judgment. "The purpose behind Rule 56(d) is to ensure the plaintiffs receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Id.* at 490 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).  However, "the party opposing a motion for summary judgment possesses no absolute right to additional time for discovery under Rule 56." *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989)); *see also Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017) ("And even when a party properly presents a Rule 56(d) affidavit and a motion to extend discovery, the rule only provides that a court 'may' extend the discovery deadline.").  Rather, a nonmovant must show by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  If so, the Court may defer considering or deny the motion for summary judgment, allow additional time for discovery, or issue any appropriate order.  *See* Fed. R. Civ. P. 56(d)(1)–(3).

## III.   **DISCUSSION**

Two analyses drive the Court's decision regarding whether to defer a decision on these motions for summary judgment pursuant to Rule 56(d).  First, a nonmovant must comply with Rule 56(d)'s procedural and substantive requirements.  *See Ball*, 385 F.3d at 720.  Second, the Court must consider whether, on balance, the nonmovant satisfies five factors set forth in *Plott v. General Motors Corp., Packard Electrical Division*, 71 F.3d 1190 (6th Cir. 1995) (hereinafter,

---

[3] "This rule was known as Rule 56(f) until it was renumbered as 56(d) in 2010." *Doe v. City of Memphis*, 928 F.3d 481, 490 n.3 (6th Cir. 2019).  Accordingly, all quotations and citations referring to Rule 56(f) in pre-2010 cases are altered to Rule 56(d).

4

"the *Plott* factors"). *See Pleasant-Bey v. Luttrell*, No. 2:11-cv-02138-TLP-tmp, 2021 WL 328882, at *16 (W.D. Tenn. Feb. 1, 2021) ("The Sixth Circuit has suggested that a district court also consider these factors when deciding a Rule 56(d) motion."). The Court addresses each analysis in turn. *See, e.g.*, *Schobert v. CSX Transp., Inc.*, No. 1:19-cv-76, 2020 WL 7028468, at *31 (S.D. Ohio Nov. 30, 2020).

### A.    Rule 56(d)'s Requirements

"The importance of complying with Rule 56[d] cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Compliance is both procedural and substantive. Procedurally, Plaintiff had to submit an affidavit, declaration, or motion in support of its request. *See id.* at 488–89 (noting the Court of Appeals for the Sixth Circuit "has intimated that either a Rule 56[d] affidavit or a motion would suffice" to demonstrate the nonmovant's need for an extension). Plaintiff has procedurally complied with Rule 56(d), based on the 2021 Affidavit filed of its counsel. (*See* Doc. 226.)

Substantively, within the 2021 Affidavit, Plaintiff needed to provide specific information regarding "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic*, 226 F.3d at 488 (citing *Radich v. Goode*, 886 F.2d 1391 (3d Cir. 1989)). Plaintiff fails as to each.

First, "[t]he non-movant bears an obligation to inform the district court of its need for discovery." *Scadden*, 677 F. App'x at 999 (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)); *see also Ball*, 385 F.3d at 720. "Bare allegations or vague assertions of the need for discovery are not enough." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Rather, Plaintiff "must state with 'some precision the materials he hopes to obtain with further discovery.'" *Id.* (quoting *Simmons Oil Corp. v. Tesoro Petroleum*

5

*Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)). Courts in this circuit have denied requests to defer under Rule 56(d) when the "affidavit fail[ed] to provide concrete examples of the discovery sought," such as "a description of the documents, depositions, affidavits, or other evidence to support" a response in opposition. *See NCMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2019 WL 1958651, at *3 (S.D. Ohio May 2, 2019); *see also Doe*, 928 F.3d at 494 (internal citations omitted) ("In contrast with some affidavits this Court has found deficient . . ., Plaintiffs' affidavit outlined various types of evidence that would help establish the single dispositive issue . . . .").

Here, the 2021 Affidavit fails to provide the requisite detail. It vaguely asserts the Court's deferral "will allow Plaintiff time to obtain affidavits and take depositions of the parties and various third parties," specifically discovery "regarding the City's policies and custom and the use of its police officers for nuisance abatement procedures." (Doc. 226 ¶¶ 4–5.) The 2021 Affidavit, however, does not identify concrete examples of the discovery related to the City's Rule 30(b)(6) deposition or the names of these third-party deponents. Further, it focuses on a need for discovery to oppose the City's motion for summary judgment, without mention of the need for discovery as to the Officers' motion. Thus, the 2021 Affidavit fails to inform the Court of Plaintiff's need for discovery.

Second, to satisfy Rule 56(d), Plaintiff must explain how the additional discovery will shed light on issues underlying the pending motions for summary judgment. *Ball*, 385 F.3d at 721. It is insufficient to assert only that additional discovery "goes to the merits" of the summary-judgment motion, as doing so "is far too general to satisfy the applicable burden." *Alvarado Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-cv-00583, 2020 WL 3316115, at *7 (M.D. Tenn. June 18, 2020). Instead, the nonmovant "must state with 'some

precision . . . exactly how he expects those [additional] materials would help him in opposing summary judgment.'" *Summers*, 368 F.3d at 887 (quoting *Simmons Oil Corp.*, 86 F.3d at 1144).

The 2021 Affidavit also fails on this ground, as it states additional discovery will "present essential facts to justify filing an opposition to the City's and Officers' motions for summary judgment." (Doc. 226 ¶ 4.) It states discovery will be sought regarding the City's policies and customs (Doc. 226 ¶ 5) but "does not explain why [Plaintiff] cannot respond to [Moving Defendants'] motion[s] for summary judgment." *Pleasant-Bey*, 2021 WL 328882, at *17. Thus, the 2021 Affidavit fails to specifically state the material facts Plaintiff expects to uncover with additional discovery and why those material facts are necessary to oppose Moving Defendants' motions for summary judgment.[4]

Third, a Rule 56(d) affidavit should explain why the nonmoving party has not previously discovered the additional information. *Cacevic*, 226 F.3d at 488–89. The 2021 Affidavit does not do so. (*See* Doc. 228.)

Thus, the 2021 Affidavit fails to satisfy Rule 56(d)'s substantive requirements. This failure, on its own, could be grounds to deny Plaintiff's request for a deferral. *See Summers*, 368 F.3d at 887 ("In the absence of a sufficient affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery."); *Ball*, 385 F.3d at 720 (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)) ("It is also not an abuse of discretion to reject a Rule [56(d)] affidavit as insufficient to support further discovery when the affidavit lacks 'any details' or 'specificity.'"). The Court of

---

[4] In comparison, the 2020 Affidavit specifically identified three issues on which additional discovery would focus: (1) Plaintiff's standing; (2) the City's policies and customs regarding nuisance-abatement proceedings; and (3) the Officers' immunity defenses. (Doc. 160 ¶¶ 7–11, 19–24.)

7

Appeals, however, has noted when a district court fails to "consider[] all five of the *Plott* factors," *Doe*, 928 F.3d at 941, so in the alternative, the Court assesses whether the *Plott* factors weigh for or against deferring a decision on the pending motions for summary judgment.

## B.    The *Plott* Factors

The five *Plott* factors are:

> (1) when the [nonmovant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [nonmovant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

*Plott*, 71 F.3d at 1196–97 (internal citations omitted).  But the "main inquiry is whether the moving party was diligent in pursuing discovery."  *Doe*, 928 F.3d at 491 (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)); *see also Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 WL 4743063, at *5 (S.D. Ohio Oct. 2, 2018) ("[T]hree of the five *Plott* factors hinge on issues of timeliness and diligence," i.e., the first, third, and fourth factors.).  The Court considers each *Plott* factor in turn.[5]

### 1.    Whether Plaintiff Was Dilatory in Its Discovery Efforts

Two considerations are particularly relevant to whether Plaintiff was dilatory in its discovery efforts: first, whether Plaintiff expected Moving Defendants' motions for summary judgment to be filed before the end of discovery, and, second, whether Plaintiff was diligent in discovery efforts before the dispositive-motion deadline.

As to the first consideration, the Court evaluates whether there were "ample opportunities for parties to conduct discovery beforehand."  *Wilson*, 2018 WL 4743063, at *6 (quoting *Peltier*

---

[5] The fourth *Plott* factor is addressed first, as it is considered the most important.  *See, e.g.*, *Doe*, 928 F.3d at 491–92; *Cline v. Dart Transit Co.*, 804 F. App'x 307, 313 (6th Cir. 2020).

*v. Macomb Cnty., Mich.*, No. 10-CV-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011)).

Plaintiff asserts additional discovery should be permitted, in part, because discovery "has yet to conclude." (Doc. 226 ¶ 3.) Since the scheduling conference and amended scheduling order in September 2020, Plaintiff knew the dispositive-motion deadline fell before the end-of-discovery deadline. (*See* Docs. 185, 187.) Plaintiff could have, but did not, propose different dates at the scheduling conference and agreed, along with Defendants, to these deadlines. Plaintiff cannot reasonably claim Moving Defendants' motions for summary judgment, which were filed on the dispositive-motion deadline, were unexpected. *Cf. Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N.A., LLC*, No. 3:19-CV-007780-DJH-CHL, 2020 WL 6492917, at *5 (W.D. Ky. Nov. 4, 2020) (alternations in original) (quoting *Doe*, 928 F.3d at 492) ("Defendant was not dilatory because it 'reasonably believed the discovery process would go on several months longer than it did and that they cannot be faulted for being unable to foresee that their chance to [pursue the discovery it seeks] would be cut short' by Plaintiff's motion for summary judgment."). Plaintiff has known for over six months that it needed to obtain all discovery necessary to respond to dispositive motions that would be filed by the January 11, 2021, dispositive-motion deadline. This length of time provided ample opportunity to conduct discovery. *See Wilson*, 2018 WL 4743063, at *6.

Next, the Court considers whether "the need for additional information is attributable to the party's own lack of diligence during the discovery period." *Id.* (quoting *Peltier*, 2011 WL 3320743, at *2. Plaintiff fails to provide allegations or evidence regarding its discovery efforts before the dispositive-motion deadline; rather, the only information before the Court comes from Moving Defendants. (*See* Doc. 228.) They assert "Plaintiff failed to pursue the discovery it now needs." (*Id.* at 19.) In particular, they argue Plaintiff knew a Rule 30(b)(6) deposition of the City was required at the latest by January 17, 2020. (*Id.*)

9

Without allegations or evidence to the contrary, the Court accepts Moving Defendants' representations. *See Schobert*, 2020 WL 7028468, at *31 ("There is no allegation or evidence that Plaintiffs delayed discovery or were not diligent in pursuing it because the time for discovery had only recently commenced."). For several months, Plaintiff's counsel told opposing counsel he would send the City's Rule 30(b)(6) deposition notice but failed to do so. (Doc. 228 at 3–11.) Further, Plaintiff failed to send discovery requests early enough to receive and review timely responses to the requests before depositions, leading to canceled depositions. (*Id.* at 7–8.) It is true that the COVID-19 pandemic began in the midst of discovery, which certainly made discovery more difficult. Despite the pandemic, Plaintiff conducted many depositions before the dispositive-motion deadline, and the Court has no information as to why the City's Rule 30(b)(6) or various third-party depositions were not conducted or even requested during this period.

On a final note, the 2020 Affidavit, filed on April 29, 2020, likewise provides insight into whether Plaintiff was dilatory in its discovery efforts. In it, Plaintiff's counsel represented Plaintiff needed additional time to conduct discovery, particularly the City's Rule 30(b)(6) deposition. (*See* Doc. 160 ¶ 5.) Nine months later, in the 2021 Affidavit filed on February 1, 2021, Plaintiff's counsel again asserted the City's Rule 30(b)(6) deposition was necessary to justify filing a response to the summary judgment motions. (Doc. 226 ¶ 5.) Lacking from the 2021 Affidavit, however, is any explanation as to why that deposition has not occurred in the nine months since the 2020 Affidavit was filed. The only explanation the Court has been given is that Plaintiff failed to diligently pursue the discovery it reasonably knew it would need.

In light of these considerations, the Court finds Plaintiff's lack of diligence in conducting discovery weighs against deferring a decision on Moving Defendants' motions for summary judgment.

10

## 2.    When Plaintiff Learned of the Issue Related to Desired Discovery

The next factor considers when the nonmoving party learned of the issue that is the subject of the desired discovery. *Plott*, 71 F.3d at 1196–97.  "This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe*, 928 F.3d at 492–93; That is not the case here, as Plaintiff knew of this need well before the dispositive-motion deadline arose.

At the latest, Plaintiff's counsel knew a Rule 30(b)(6) deposition would be necessary by the date it sent its Initial Disclosures, April 25, 2019, as it stated information from the City's policymakers would be necessary.  (Doc. 228 at 13; 228-1 at 28.)  On June 26, 2019, Plaintiff's counsel first notified the City's counsel of the need to proceed with a Rule 30(b)(6) deposition of the City.  (Doc. 228 at 3, 13.)  And, on April 29, 2020, Plaintiff's counsel filed the 2020 Affidavit, which asserted the Court should defer its decision, in part, because Plaintiff still needed to obtain discovery regarding the City's Rule 30(b)(6) deposition as to policy and customs regarding nuisance-abatement proceedings.  (Doc. 160 ¶¶ 11–18.)  As a result, it appears the only thing preventing Plaintiff from learning about the desired Rule 30(b)(6) discovery was its own lack of diligence in pursuing such discovery.  *See, e.g.*, *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) ("There is no reason that the Dowlings could not have learned of this potential discrepancy earlier in the case."); *F.T.C.*, 767 F.3d at 624 ("[The nonmoving party] knew of the issues that were the subjects of the desired discovery early on in the proceedings."); *Wilson*, 2018 WL 4743063, at *5 (finding factor weighed in favor of nonmovant because "[t]his is not a situation where [the nonmovant] knew about the discovery it sought and failed to take advantage of discovery").  Thus, when Plaintiff learned of the issues related to its desired discovery weighs against deferring a decision on the summary-judgment motions.

11

### 3.    Whether Plaintiff's Desired Discovery Would Change Ruling

The third *Plott* factor considers whether the additional discovery sought would change the Court's decision on the summary-judgment motion. *Plott*, 71 F.3d at 1196–97. The effect additional discovery will have on the outcome of Moving Defendants' motions for summary judgment is, at best, speculative, as the 2021 Affidavit does not specify why the discovery is necessary to file oppositions. Even so, "at this juncture, the Court must simply decide whether the evidence '*might*' influence the court's perception of a genuine factual dispute." *Wilson*, 2018 WL 4743063, at *6 (quoting *Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011))). Assuming the additional discovery focuses the City's policies and customs regarding nuisance-abatement procedures, the absence of such policies and customs (Doc. 226 ¶ 5–6) could create a genuine factual dispute as to Plaintiff's claims against the City. Thus, to the extent the Court could overlook Plaintiff's failure to provide sufficient detail, this factor weighs in favor of deferring a decision on Moving Defendants' motions for summary judgment.

### 4.    Length of the Discovery Period

The next *Plott* factor evaluates the length of the discovery period in the case. *See Doe*, 928 F.3d at 491–92. "[W]hat constitutes a reasonable length of time for the duration of discovery is so particular to the facts and circumstances of a given case that examining what lengths of time this Court has found sufficient for discovery in the past [is] not particularly helpful." *Id.* at 494. Here, the Court finds Plaintiff has had a sufficient amount of time to conduct discovery. Plaintiff was aware of its need for a Rule 30(b)(6) deposition of the City for ten months, at the very least. (*See* Doc. 160 (2020 Affidavit).) Plaintiff already received an additional eight months to complete the discovery alleged necessary here, as the Court deferred deciding Moving Defendants' earlier motions. *See, e.g.*, *Dowling*, 593 F.3d at 480 ("[T]he Dowlings had a substantial amount of time

to conduct discovery, including the additional sixty days granted by the court after it vacated the grant of summary judgment.").  Given the specifics of this case, the Court finds Plaintiff has had ample opportunity to conduct discovery.  *See Schobert*, 2020 WL 7028468, at *31 ("[L]ittle discovery had occurred and this factor cuts in favor of Plaintiff.").  Thus, the length of the discovery period weighs against deferring a decision on Moving Defendants' motions for summary judgment.

### 5.  Whether Moving Defendants Were Responsive to Discovery Requests

The final *Plott* factor weighs whether the party moving for summary judgment was responsive to the nonmoving party's discovery requests.  *Plott*, 71 F.3d at 1196–97.  The only information before the Court regarding Moving Defendants' responsiveness to Plaintiff's discovery requests is the information provided in Moving Defendants' reply.  (*See* Doc. 228.) From this information, it appears Moving Defendants were responsive to Plaintiff's discovery requests, as well as Plaintiff's deposition-scheduling requests.  (*Id.* at 21–24.)  Plaintiff has "not identified any discovery deadlines that [Moving Defendants] missed." *Cline*, 804 F. App'x at 316. Based on the information before the Court, this factor weighs against deferring a decision on Moving Defendants' motions for summary judgment.

## IV.  <u>CONCLUSION</u>

In sum, the Court finds Plaintiff failed to comply with Rule 56(d)'s substantive requirements.  Even so, four *Plott* factors weigh against and one factor weighs in favor of deferring a decision on Moving Defendants' motions for summary judgment.  Thus, the Court declines to defer a decision on the motions pursuant to Rule 56(d).  Plaintiff **shall** respond to Moving Defendants' motions for summary judgment (Docs. 140, 206) within **ten days** of entry of this Order.

13

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**