UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LOOKOUT MOUNTAIN SUITES, LLC, | ) |
| *Plaintiff*, | ) Case No. 1:18-CV-311 |
| v. | ) Judge Collier |
| NEAL PINKSTON, *et al.*, | ) Magistrate Judge Lee |
| *Defendants*. | ) |

# **M E M O R A N D U M**

Before the Court are two motions for summary judgment. Defendant Neal Pinkston ("Defendant Pinkston") has filed a motion for summary judgment (Doc. 217), and Plaintiff Lookout Mountain Suites, LLC, has filed a motion for partial summary judgment against Defendant Pinkston (Doc. 210). Each party has filed a response in opposition to the other's motion (Docs. 224, 225) and a reply (Docs. 227, 229).

For the following reasons, the Court will **GRANT** Defendant Pinkston's motion for summary judgment (Doc. 217) and **DENY** Plaintiff's motion for partial summary judgment against Defendant Pinkston (Doc. 210).

**I.  BACKGROUND**[1]

Plaintiff owns real property in Chattanooga, Tennessee, specifically, a motel. This action arises from nuisance-abatement proceedings initiated and executed against Plaintiff's real property

---

[1] Both parties have moved for summary judgment. While generally the facts would be presented in the light most favorable for the nonmovant, the Court will note when there are disputes of facts. When there is a dispute, the Court is bound "to evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *Mingus Constructors Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

by Defendant Pinkston as District Attorney General for Hamilton County, Tennessee, among others.

On February 14, 2018, Defendant Pinkston filed a Verified Petition for Abatement of Nuisance ("Verified Petition") against Plaintiff's real property. The Verified Petition stated that it "follow[ed] an investigation by the Chattanooga Police Department and District Attorney General's office," which revealed Plaintiff's real property was "the site of a disproportionate amount of illegal activity." (Doc. 2-3 at 3.) Defendant Pinkston signed the Verified Petition as "NEAL PINKSTON District Attorney General." (*Id.*) Following Defendant Pinkston's signature and attached to the Verified Petition were verifications by Defendants Sergeant Kendon Massengale, Officer Aryiel Novak, and Investigator Jamaal Noble (hereinafter, "the Officers"). Each verification stated:

> I have read the foregoing and participated in the investigation referenced above. To the best of my information, knowledge and belief, I do attest, under penalty of perjury, that the foregoing is true and accurate.

(*Id.* at 5–7.) Each of the Officers then signed his or her respective verification, and a notary public signed each verification as well.

After filing the Verified Petition, Defendant Pinkston and two assistant prosecutors presented the Verified Petition before the Honorable Tom Greenholtz of the Hamilton County Criminal Court at an *ex parte* hearing. The Officers attended the hearing, although it is unclear whether they testified. Defendant Pinkston did not testify at the hearing.

Following the *ex parte* hearing, Judge Greenholtz issued a Temporary Injunction/Restraining Order (the "Restraining Order") based on the Verified Petition. The Restraining Order indicated Judge Greenholtz found "sufficient evidence to believe the averments of the [Verified] Petition [were] true" and determined Plaintiff's property constituted a public

nuisance. (Doc. 2-5 at 2.) That same day, law enforcement executed the Restraining Order and padlocked Plaintiff's real property. On February 19, 2018, a post-deprivation hearing was held, at which the court determined Plaintiff's real property could be reopened and Plaintiff's other seized personal property was to be returned.

On December 20, 2018, Plaintiff filed suit against Defendants Pinkston, the Officers, and the City of Chattanooga in this Court, asserting causes of action under 28 U.S.C. § 1983. (Doc. 2 ¶¶ 149–96.) Plaintiff alleges Defendants violated the Due Process Clause of the Fourteenth Amendment when they seized Plaintiff's real property without notice or a pre-deprivation hearing. (*Id.*)

On August 5, 2020, the Court issued an Order and accompanying Memorandum on motions to dismiss filed by Defendants Pinkston and the Officers. (Docs. 166, 167.) The Court dismissed all claims against Defendant Pinkston based on absolute prosecutorial immunity, except for one claim. (Doc. 166 at 9–12.) The one remaining claim alleged Defendant Pinkston vouched for the truth of the averments in the Verified Petition (the "vouching claim"), which, if true, did not entitle him to absolute immunity. (*Id.* at 9–11.) The Court reached its decision on the vouching claim, in part, because Defendant Pinkston acknowledged that he vouched for the Verified Petition in his motion to dismiss. (*Id.* at 10; *see* Doc. 64 at 7.)

On January 11, 2021, both Defendant Pinkston and Plaintiff filed motions for summary judgment on the vouching claim. (Docs. 210, 217.) Each party has filed a response in opposition to the other's motion (Docs. 224, 225) and a reply (Docs. 227, 229). These cross-motions for summary judgment are now ripe.

3

Case 1:18-cv-00311-CLC-SKL   Document 232   Filed 03/04/21   Page 3 of 12   PageID #: 3446

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden to demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the Court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The Court may not make credibility determinations or weigh the evidence in addressing a motion for summary judgment. *Id.* at 255.

4

If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. DISCUSSION

Defendant Pinkston and Plaintiff each have moved for summary judgment as to Plaintiff's vouching claim against Defendant Pinkston. (Docs. 210, 217.) Each motion is addressed in turn.

### A. Defendant Pinkston's Motion for Summary Judgment

Defendant Pinkston moves for summary judgment based on absolute prosecutorial immunity. (Doc. 217.) "Absolute prosecutorial immunity . . . is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). When a prosecutor operates as an advocate for the state and performs functions "intimately associated" with the judicial process, absolute immunity applies. *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 513 (6th Cir. 2019). However, if a prosecutor performs administrative or investigative functions, which are further removed from the judicial process and do not involve advocacy on the state's behalf, the prosecutor is not entitled to absolute immunity. *See id.*; *see also Cooper*, 203 F.3d at 947. "The analytical key to prosecutorial immunity, therefore, is *advocacy*—whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (emphasis in original).

Vouching for the truth of allegations has consistently been viewed as conduct performed by a witness, not an advocate, and thus does not entitle a prosecutor to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (holding that a prosecutor is entitled only to qualified immunity when vouching for the truth of the contents of a criminal complaint because "[t]estifying

5

about facts is the function of the witness, not of the lawyer"); *see also Drake v. Howland*, 463 F. App'x 523, 525 (6th Cir. 2012) ("[V]ouching for the truth of statements in a complaint is the act of a witness, and only qualified immunity shields a testifying prosecutor from liability.").

Defendant Pinkston acknowledges that he is not protected by absolute immunity if he vouched for the Verified Petition. Rather, he contends no evidence establishes that he did, in fact, vouch for the truth of the Verified Petition. (Doc. 219 at 4–6.) Although he conceded doing so in his motion to dismiss, but he contends discovery has revealed he did not vouch for the Verified Petition. (*Id.* at 5.) Defendant Pinkston now asserts he simply signed the Verified Petition, which is an act of advocacy that entitles him to absolute prosecutorial immunity. (*Id.*) Plaintiff has responded in opposition, citing to evidence that purportedly demonstrates Defendant Pinkston vouched for the Verified Petition. (Doc. 225 at 3, 11–13.)

The Court first must determine what constitutes "vouching" as a matter of law and then whether there is a genuine dispute as to whether Defendant Pinkston vouched for the Verified Petition.

        1.     **Vouching as a Matter of Law**

Decisions from the Supreme Court of the United States and the Court of Appeals for the Sixth Circuit reveal a determinative fact for a vouching claim against a prosecutor: the prosecutor must have provided a sworn statement.

To begin, the Supreme Court in *Kalina* addressed whether a prosecutor was entitled to prosecutorial immunity for signing an affidavit attached to an arrest-warrant application. 522 U.S. at 121. The "critical question" was "whether [the prosecutor] was acting as a complaining witness rather than a lawyer when she executed the certification '*under penalty of perjury*.'" *Id.* at 129 (alterations omitted and emphasis added). The Court found the prosecutor had acted as a

6

complaining witness and therefore was not entitled to absolute prosecutorial immunity. *Id.* at 131. In so holding, the Court rejected the prosecutor's argument that a constitutional requirement to provide an oath or affirmation on the application made her sworn statement an act of advocacy. *Id.* "Even when the person who makes the constitutionally required 'Oath or affirmation' is a lawyer, the only function that she performs in giving *sworn* testimony is that of a witness." *Id.* (emphasis added). Thus, whether the prosecutor had provided a sworn statement was outcome-determinative to the question of prosecutorial immunity in *Kalina*.

The Court of Appeals for the Sixth Circuit has considered the effect of a sworn statement, or lack thereof, on absolute prosecutorial immunity in three cases. *See Cooper*, 203 F.3d at 949; *Adams v. Hanson*, 656 F.3d 397, 402 (6th Cir. 2011); *Wilson v. City of Shaker Heights*, 741 F. App'x 312 (6th Cir. 2018). In each case, whether the prosecutor gave a sworn statement was outcome-determinative to the question of absolute immunity. *See also Rivera v. Leal*, 359 F.3d 1350, 1355 (11th Cir. 2004) ("The sworn/unsworn distinction is more than critical; it is determinative.").

In *Cooper*, the Court of Appeals evaluated a district attorney general's filing of a nuisance-abatement petition. 203 F.3d at 949. The district attorney general had sworn to the truth of the petition's factual allegations. *Id.* This fact was critical, as the Court of Appeals held the district attorney general "was not acting as an advocate when he *swore* to the truth of the allegations in the public nuisance and civil forfeiture complaints, and he therefore [was] not protected by absolute immunity for this conduct." *Id.* (emphasis added).

In *Adams*, the plaintiff asserted the defendant, a prosecutor, acted as a complaining witness by filing a criminal complaint. 656 F.3d at 408. The prosecutor, however, had provided no sworn statement within or regarding the complaint. *Id.* The plaintiff argued there was no difference

7

between "a prosecutor's unsworn representations and a witness's sworn representations." *Id.* The Court of Appeals rejected this argument, as "the Supreme Court in *Kalina* found determinative that a prosecutor was testifying to facts '*under penalty of perjury*' or giving '*sworn testimony*.'" *Id.* (emphasis in original) (quoting *Kalina*, 522 U.S. at 129, 131); *see also id.* at 402 (emphasis added) ("[A] prosecutor is entitled to only qualified immunity when she acts as a complaining witness by making *sworn* statements to the court in support of a criminal complaint."); *id.* at 408 (emphasis added) ("[C]omplaining witnesses [are] those *swearing* to the facts in the initial complaint."). Thus, *Adams* held that a prosecutor acts as a witness, and therefore is not protected by absolute immunity, only if he or she provided a sworn statement.

In *Wilson*, at issue was a prosecutor's filing of a sworn criminal complaint. 741 F. App'x at 314. The complaint was a sworn filing based on an investigating officer's statement swearing to the truth of the complaint, not any statement by the prosecutor. *Id.* at 316. The Court of Appeals explained that "[p]rosecutors have been found to perform the same role as a complaining witness by '*swearing* to the underlying facts' in an affidavit for an arrest warrant . . . such that the prosecutor 'personally vouched for the truth of the facts set forth in the certification *under penalty of perjury*.'" *Id.* (emphasis added) (quoting *Adams*, 656 F.3d at 408). The prosecutor in *Wilson* was entitled to absolute immunity because he "did not act as the complaining witness; he never asserted that the facts in Dunn's affidavit were true." *Id.*

These cases demonstrate a prerequisite to any vouching claim: the prosecutor must have provided a sworn statement. When the prosecutor does so, he or she is no longer protected by absolute prosecutorial immunity, as the sworn statement is the act of a witness, not an advocate.

8

## 2. Whether Defendant Pinkston Vouched for the Verified Petition

The next question is whether Defendant Pinkston has shown there is no genuine factual dispute as to whether he vouched for the Verified Petition and, if so, whether Plaintiff has come forward with specific facts to demonstrate otherwise. *See Leary*, 349 F.3d at 897; *Chao*, 285 F.3d at 424.

Defendant Pinkston asserts two pieces of evidence meet his burden. First, he asserts the Verified Petition itself demonstrates he did not provide a sworn statement as to its truth. (Doc. 219 at 5.) Plaintiff argues instead that the Verified Petition shows Defendant Pinkston "signed and vouched for it." (Doc. 225 at 3.) Indeed, the Verified Petition bears Defendant Pinkston's signature (Doc. 2-3 at 4), and Defendant Pinkston admitted in his deposition to signing it (Doc. 219-1 at 4 (Page 23, Lines 16–17)). But nothing in the Verified Petition indicates Defendant Pinkston signed it under oath or otherwise provided a sworn statement within it. Rather, the only sworn statements in the Verified Petition are the Officers' verifications. (Doc. 2-3 at 5–7.)

Second, Defendant Pinkston argues his affidavit demonstrates there is no dispute that he did not vouch for the Verified Petition. (Doc. 219 at 5.) Defendant Pinkston's affidavit states:

> I did not act as a complaining witness nor did I vouch for the truth of the averments in the petition. I made no oath in relation to the petition, nor did I execute any verification in support of the petition . . . . I did not submit an affidavit in support of the petition, and I did not testify during the presentation of the petition to Judge Greenholtz.

(Doc. 218 ¶ 9.) Plaintiff has challenged Defendant Pinkston's affidavit as having been submitted in bad faith under Rule 56(h) of the Federal Rules of Civil Procedure. (Doc. 225 at 11.)

"Courts have found 'bad faith' in the context of Rule 56 only 'where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case.'" *TCF Inventory Fin., Inc. v. Northshore Outdoor, Inc.*, No. 1:11 CV 85, 2012 WL

9

2576367, at *6 (N.D. Ohio July 3, 2012) (quoting *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003)). Plaintiff asserts the Restraining Order's language shows Judge Greenholtz relied exclusively on Defendant Pinkston's averments and, as a result, Defendant Pinkston's affidavit contradicts the Restraining Order. (Doc. 225 at 11–13.)

Taking all reasonable inferences in Plaintiff's favor, the Court assumes as true Plaintiff's assertion that Judge Greenholtz relied only on Defendant Pinkston's averments, although it is questionable whether such an inference is reasonable. Even assuming so, the Restraining Order does not indicate Defendant Pinkston gave any sworn statement. Defendant Pinkston is referenced in the Restraining Order's first sentence, which states "The District Attorney for the Eleventh Judicial District has filed a Verified Petition." (Doc. 2-5 at 2.) However, a prosecutor's filing of a sworn document is not vouching unless the prosecutor personally provided a sworn statement as well. *See Wilson*, 741 F. App'x at 316 (finding absolute immunity protected prosecutor who filed sworn criminal complaint, as sworn statement was of investigator, not prosecutor). The Restraining Order also states it found "sufficient evidence to believe the averments of the [Verified] Petition [were] true" (Doc. 2-5 at 2), but this statement likewise does not suggest Defendant Pinkston gave any sworn statement. Defendant Pinkston's affidavit does not contradict the Restraining Order and therefore was not submitted in bad faith. As a result, the affidavit demonstrates there is no dispute that he did not vouch for the Verified Petition.

In sum, Defendant Pinkston has satisfied his burden to demonstrate there is no genuine dispute that he did not provide a sworn statement as to the truth of the Verified Petition and therefore did not vouch for it. Plaintiff has failed to come forward with specific facts to show otherwise. Instead, Plaintiff's assertions that Defendant Pinkston vouched for the truth of the Verified Petition are "mere allegations." *See Smith*, 2009 WL 3762961, at *2–3.

As Plaintiff's claim can only succeed if Defendant Pinkston vouched for the Verified Petition, the claim fails as a matter of law, and Defendant Pinkston is entitled to absolute prosecutorial immunity as to the claim. The Court therefore will **GRANT** Defendant Pinkston's motion for summary judgment against Plaintiff (Doc. 217).

B.   **Plaintiff's Motion for Summary Judgment**

Turning to Plaintiff's motion for summary judgment, Plaintiff must show there is no genuine factual dispute as to his vouching claim. *See Leary*, 349 F.3d at 897. Doing so requires Plaintiff to establish that Defendant Pinkston vouched for the Verified Petition, that is, he provided a sworn statement as to the truth of the Verified Petition.

Plaintiff's motion primarily relies on the same evidence as its opposition to Defendant's motion for summary judgment, the Verified Petition and the Restraining Order. (*See* Doc. 210-1 at 18–124 (Verified Petition); Doc. 210-2 at 5–7 (Order).) As discussed above, the Verified Petition and the Restraining Order do not establish Defendant Pinkston provided a sworn statement as to the truth of the Verified Petition. Plaintiff also relies on Defendant Pinkston's deposition testimony. (Doc. 210-1 at 1–16.) Plaintiff has not identified any statement from that deposition that supports a finding that Defendant Pinkston provided a sworn statement. Rather, the portion to which Plaintiff cites establishes only that Defendant Pinkston signed the Verified Petition, not that he swore to its truth. (Doc. 220 at 3 (citing 210-1 at 12-13.[2])

Thus, Plaintiff has failed to show there is no genuine dispute that Defendant vouched for the truth of the Verified Petition. Even if Plaintiff had met its burden, Defendant Pinkston has

---

[2] Plaintiff's brief cites to pages 22 and 23 of Defendant Pinkston's deposition but attaches only page 22. (*See* Doc. 210-1 at 12–13.) Pages 22 and 23 of this deposition, however, were attached to Defendant Pinkston's motion for summary judgment (Doc. 219-1 at 4), so the Court has reviewed the pages Plaintiff likely intended to cite.

11

come forward with specific evidence to show at least a dispute of fact, as his affidavit states he did not provide a sworn statement in the Verified Petition or before Judge Greenholtz at the *ex parte* hearing. (*See* Doc. 218 ¶ 9.) The Court therefore will **DENY** Plaintiff's motion for summary judgment against Defendant Pinkston (Doc. 210).

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant Pinkston's motion for summary judgment against Plaintiff (Doc. 217) and will **DENY** Plaintiff's motion for partial summary judgment against Defendant Pinkston (Doc. 210). As no claims remain against Defendant Pinkston, Defendant Pinkston will be **DISMISSED** from the action.

AN APPROPRIATE ORDER WILL ENTER.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**